<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN S. JAMES,<br><br>　　Petitioner,<br><br>　　v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>　　Respondents. | No. 24cv8271 (EP)<br><br>**OPINION** |

**PADIN**, **District Judge.**

　　Jonathan S. James filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Union County convictions ("Pet. or "Petition"). D.E. 1. Petitioner indicates that he presently has a post-conviction relief ("PCR") petition pending before the New Jersey Superior Court. *Id.* at 5. The Court ordered Petitioner to show cause why the habeas proceedings should not be stayed while state court proceedings are ongoing. D.E. 2. Petitioner filed a response indicating that it had been his intention to file a protective habeas petition which would "be stayed with leave to reopen these proceedings after state review has concluded[.]" D.E. 3 at 1.

　　Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

　　The Petition as filed is a "mixed petition" as it contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). When presented with a mixed petition,

a court may, in certain circumstances, grant a protective stay to permit the petitioner to exhaust the unexhausted claims while suspending the limitations period on the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005). Before granting such a stay, the Court must examine whether good cause exists for the petitioner's failure to exhaust all claims in state court, whether the unexhausted claims are potentially meritorious, and whether the petitioner is employing the litigation simply as means of delay. *Id.* at 277; *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013).

According to the Petition, the second PCR petition that is currently pending in the state courts contains two arguments: (1) PCR counsel was constitutionally ineffective for failing to advance Petitioner's arguments that trial counsel failed to file a motion for the DNA expert to testify remotely, and (2) PCR counsel was constitutionally ineffective for failing to properly argue Petitioner's newly discovered evidence claim. Pet. at 11. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner may not use "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings" as a basis for substantive relief. 28 U.S.C. § 2254(i); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[A] petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings."). If the Court interprets the claims in the Petition literally, a stay would not be warranted because the Court cannot grant relief pursuant to section 2254 for ineffective assistance of PCR counsel.

However, the Court is required to liberally construe *pro se* filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "[A] habeas petitioner may assert the ineffectiveness of PCR counsel, not as basis for relief *per se*, but rather as cause to excuse a procedural default resulting from a failure to raise ineffectiveness of trial counsel during an initial PCR proceeding." *Suarez*

2

*v. Johnson*, No. 17cv2767, 2017 WL 5157392, at *3 (D.N.J. Nov. 7, 2017) (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)). Interpreted this way, it may be appropriate to construe the arguments in the Petition "as part of a claim of ineffective assistance of *trial* counsel. That is, [Petitioner] may be claiming that he failed to raise ineffective assistance of trial counsel previously because of the allegedly ineffective assistance of his PCR counsel." *Id.* (emphasis in original). As *Martinez* may apply to Petitioner's claims, the Court concludes that the unexhausted claims are not facially meritless and "ineffective assistance of PCR counsel should also be treated, at this stage, as asserting good cause under the *Rhines* standard for the failure to exhaust." *Id.*[1] There is no indication Petitioner is engaging in intentionally dilatory litigation tactics as he is currently litigating his claims in state court. Therefore, the Court will GRANT Petitioner's request to stay the habeas proceedings.

      The Clerk will be ordered to administratively terminate this petition. Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

---

[1] These conclusions only apply to Petitioner's request to stay his habeas proceedings. The Court expresses no opinion as to any broader assessment of the merits of Petitioner's claims.

Petitioner shall file a notice with the Court within 30 days of completing state court exhaustion. The notice shall include copies of any court opinions and orders resolving Petitioner's claims. An appropriate Order follows.

September 17, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　Evelyn Padin, U.S.D.J.